

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| CARLOS MAZAMA TAZAMA, | ) | No. 5:26-cv-00462-SPG-JDE |
| | ) | |
| Petitioner, | ) | ORDER TO SHOW CAUSE WHY |
| | ) | THE PETITION SHOULD NOT BE |
| v. | ) | DISMISSED |
| | ) | |
| U.S. IMMIGRATION AND | ) | |
| CUSTOMS ENFORCEMENT, | ) | |
| | ) | |
| Respondent. | ) | |

On February 2, 2026, the Court received from Carlos Mazama Tazama ("Petitioner"), proceeding pro se and seeking to proceed in forma pauperis ("IFP"), a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, alleging that he has been unlawfully detained by Immigration and Customs Enforcement ("ICE") and seeking his immediate release from custody. Dkt. 1 ("Petition" or "Pet.").

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District

Courts ("Habeas Rules"), Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254); Lane v. Feather, 584 F. App'x 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 in dismissing a Section 2241 petition). Thus, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the "judge must dismiss the petition." See also Mayle v. Felix, 545 U.S. 644, 656 (2005). The Court has reviewed the Petition under Rule 4 of the Habeas Rules and notes the following apparent defects therein.

First, Petitioner has failed to provide sufficient facts in support of his grounds for relief. Habeas Rules 2(c) and 4 require a statement of all grounds for relief and the facts supporting each ground; the petition should state facts that point to a real possibility of constitutional error and show the relationship of the facts to the claim. See Habeas Rule 4, Advisory Committee Notes to 1976 Adoption; Felix, 545 U.S. at 655; O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (as amended). Allegations in a petition that are vague, conclusory, palpably incredible, or unsupported by a statement of specific facts, are insufficient to warrant relief, and are subject to summary dismissal. See, e.g., Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995); James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994); Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990).

Here, Petitioner alleges that he has been detained by ICE beyond the removal period authorized by statute in violation of 8 U.S.C. § 1231(a)(6). See Pet. at 6 (CM/ECF pagination)). Section 1231 governs the detention and removal of noncitizens who have been ordered removed. Petitioner, however, appears to allege he is not subject to a final order of removal, indicating that an immigration judge has not ordered him removed from the United States. Id. at 11. Further, although he claims he has been detained for nine months (id. at

2

12), he does not provide any information regarding his detention, including whether he has been provided a bond hearing. Based on the allegations, it appears Petitioner was taken into custody when he entered the United States on April 8, 2025. Id. at 4, 11. Similarly, to the extent Petitioner is subject to a final order of removal, he has provided no information in support of his contention that ICE is unlikely to remove him in the reasonably foreseeable future. See id. at 12, 18. Based on the foregoing, as pled, the Petition is subject to dismissal.

Second, typically, the proper respondent for a Section 2241 petition is the custodian of the institution where the petitioner is incarcerated. See 28 U.S.C. § 2242; see also Rumsfeld v. Padilla, 542 U.S. 426, 435 (2004). The failure to name the correct respondent may destroy personal jurisdiction. See Ortiz-Sandoval v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended); Stanley v. Cal. Supreme Court, 21 F.3d 359, 360 (9th Cir. 1994) (as amended). The Court make no finding as to whether a proper Respondent has been named here.

*   *   *   *

Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed by filing a written response by no later than twenty-eight (28) days from the date of this Order which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed for the foregoing deficiencies.

Instead of filing a written response to the matters addressed in this Order, Petitioner may comply with this Order by filing, within twenty-eight (28) days of this Order, a First Amended Petition that complies with 28 U.S.C. § 2241 and the Habeas Rules by, among other things, naming the proper respondent and setting forth in detail every ground on which Petitioner claims he is being held unlawfully with supporting facts. The Clerk is directed to

include a blank copy of the Court approved Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) (Form CV-27) form.

**Failure to timely file a compliant response to this Order may result in dismissal of this action for the reasons explained above and for failure to prosecute and comply with Court orders.** See Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Dated: February 13, 2026 ___

_____
JOHN D. EARLY
United States Magistrate Judge

4